UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC G. KOULA,

       Petitioner,

       v.                                     Case No. 19-C-1424

WILLIAM J. POLLARD,

       Respondent.

## SCREENING ORDER

Petitioner Eric Koula filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on September 30, 2019. Petitioner is currently serving two life sentences plus six additional years, having been convicted of two counts of first-degree intentional homicide and one count of forgery. On November 27, 2019, the court stayed and administratively closed the case to allow Petitioner to exhaust his state court remedies. Petitioner has since appeared to have exhausted his state court remedies. The court will now reopen the case and screen the petition. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether Petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts ten grounds for relief:

1. **Inadmissible Hearsay** Trial court erred and violated the petitioner's due process rights in permitting witnesses to testify to hearsay statements attributed to the murder victim. The constitutional violations were also attributed to no independent evidence showing that Eric

knew of Dennis's alleged intent, evidence of Dennis's intent was irrelevant and did not fall within the state-of-mind exception.

2. **Jury Instruction highlighted hearsay statement** Trial counsel provided ineffective assistance by agreeing to a jury instruction that highlighted hearsay evidence that Dennis intended to cut off his kids and suggested that such evidence could support the State's theory of motive even without a finding that Eric knew of the intent.

3. **Google Map error evidence** Trial court erred and violated the petitioner's due process rights in refusing to allow the jury to hear any evidence regarding the Google Maps error because the evidence was highly probative and a critical part of the theory of the defense.

4. **Denny Motion** Trial counsel and postconviction/appellate counsel failed to properly investigate, file, and argue a *Denny* motion in order to introduce evidence of third-party suspects

5. **Time of Death Evidence** Trial counsel and postconviction/appellate counsel failed to properly investigate and present evidence to show that the State's time of death evidence was seriously flawed

6. **Dispute shooting evidence** Trial counsel and postconviction/appellate counsel failed to demonstrate that Merna could not possibly have been shot in the manner the State had maintained at trial, simply based upon the pertinent physical dimensions of the room and the circumstances presented

7. **Display of the Gun Objection** Trial counsel and postconviction/appellate counsel failed to object to repeated and continuous display of the gun at trial by the prosecution

8. **Fingerprint Analyst Evidence** Trial counsel and postconviction/appellate counsel failed to introduce evidence from a fingerprint analyst consultant which excluded Eric based upon the partial print identified on the gun used in the homicides

9. **Financial Evidence** Trial counsel and postconviction/appellate counsel failed to present complete and accurate financial evidence directly contradicting the State's representations to the jury

10. **Cross-examine Law Enforcement** Trial counsel and postconviction/appellate counsel failed to properly cross-examine law enforcement officials relative to very misleading and deceptive tactics and to demonstrate the misuse of evidence by the State.

I am unable to determine from the face of the petition and attached exhibits that the petitioner is not entitled to federal relief. Although the Wisconsin Court of Appeals did not reach the merits of the latter seven claims, rejecting them instead on state procedural grounds, I am also unable to determine on the record before me whether the state grounds were adequate and

independent. *See Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) (noting "it is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts"). Accordingly, the petitioner will be allowed to proceed, at least for now, on all ten of his claims.

**NOW THEREFORE, IT IS HEREBY ORDERED** that the stay is lifted and this case is reopened.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT FURTHER IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed

thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.** It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Dated at Green Bay, Wisconsin this 3rd day of March, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court